IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SYLVIA A.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:21-CV-076-M-BQ |
| | § | |
| KILOLO KIJAKAZI, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Sylvia A. seeks judicial review under 42 U.S.C. § 405(g) of the Social Security Commissioner's decision denying her applications for disability insurance benefits and supplemental security income.[2] After carefully considering the parties' briefing and arguments, the administrative record, and applicable law, the undersigned recommends that the United States District Judge **REVERSE** the Commissioner's step four determination and **REMAND** the case for further administrative proceedings.[3]

### I. Statement of the Case

Plaintiff filed applications for disability insurance benefits and supplemental security income on March 1, 2019, alleging a disability onset date of May 2, 2011. Tr. 13. The Social Security Administration (SSA) denied her applications on July 9, 2019, and again upon reconsideration on September 5, 2019. *Id.* Plaintiff then requested a hearing before an ALJ. *Id.*

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies Plaintiff only by first name and last initial.

[2] In accordance with *Special Order 3-251* and 28 U.S.C. § 636(b), this case was automatically referred to the undersigned United States Magistrate Judge. *See* ECF No. 6.

[3] In recommending remand of this case for further administrative proceedings, the undersigned does not suggest that Plaintiff is, or that the Administrative Law Judge (ALJ) should find her, disabled.

Represented by counsel, Plaintiff testified by telephone before an ALJ on June 17, 2020. *Id.*; Tr. 28–52. A vocational expert (VE) also provided testimony at the telephonic hearing. Tr. 10, 45.

The ALJ determined on July 6, 2020, that Plaintiff was not disabled because she "is capable of performing past relevant work as a kitchen helper." Tr. 20 (emphasis omitted). The Appeals Council denied Plaintiff's request for review. Tr. 1. As a result of the denial, the ALJ's decision became the Commissioner's final decision and is therefore properly before the Court for review. *Sims v. Apfel*, 530 U.S. 103, 107 (2000); *see also Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005) (holding that the Commissioner's final decision necessarily incorporates the Appeals Council's denial of a claimant's request for review).

## II.     Standard of Review

A court reviewing the Commissioner's denial of social security benefits is limited to determining whether: (1) the decision is supported by substantial evidence in the record; and (2) the Commissioner applied the proper legal standards. *See* 42 U.S.C. § 405(g) (2012); *see, e.g.*, *Higginbotham*, 405 F.3d at 335. "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (per curiam). A reviewing court must examine the entire record, including evidence favorable to the Commissioner as well as contrary evidence. *See Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [the court's] judgment for the [Commissioner's]." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (per curiam) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (per curiam)). If substantial evidence supports the Commissioner's findings, they are treated as conclusive and will be affirmed. 42 U.S.C. § 405(g) (2012); *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner makes a disability determination by conducting a five-step sequential evaluation to determine whether: (1) the claimant is currently working; (2) the claimant has a "severe impairment"; (3) the impairment meets or equals an impairment listed in Appendix 1 of the regulations; (4) the claimant is capable of performing past relevant work; and (5) the claimant, after taking into account age, education, previous work experience, and residual functional capacity, is capable of performing any other work. 20 C.F.R. § 404.1520(a)(4) (2016); *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007). If the Commissioner makes a disability determination at any step in the process, the finding is conclusive and the analysis terminates. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

The claimant bears the burden of proof in the first four steps of the analysis. *Id.* If the claimant can satisfy that burden, the Commissioner must then demonstrate that the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* After making such a showing, the burden ultimately shifts back to the claimant to rebut the Commissioner's finding. *See Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).

### III.  Facts

Plaintiff claims she became disabled on May 2, 2011, due to myriad health issues. Tr. 15, 31–32, 201, 222. Plaintiff has an eighth-grade education and has previous work history as a kitchen helper and housekeeper. Tr. 20, 34, 223.

At step one, the ALJ found Plaintiff has not engaged in "substantial gainful activity" since May 2, 2011—i.e., the alleged onset date. Tr. 15. The ALJ found at step two that Plaintiff has the

following severe impairments: "degenerative disc disease of the lumbar spine, polyarthralgia bilateral hands, obesity, polychytemia [sic], and thrombocytopenia." *Id.* (emphasis omitted). Despite the ALJ finding severe impairments, the ALJ nevertheless found at step three that Plaintiff does not have an impairment or combination of impairments that are listed in, or that equal in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 15–16.

The ALJ then assessed Plaintiff's residual functional capacity (RFC) and found that Plaintiff can perform a reduced range of medium work: she can "lift and carry 50 pounds occasionally and 25 pounds frequently" and "stand and walk six hours in an eight-hour day and sit six hours in an eight-hour workday." Tr. 16 (emphasis omitted). Further, Plaintiff "can occasionally climb ramps and stairs," "never climb ladders, ropes, or scaffolds," "frequently balance," and "occasionally stoop, kneel, crouch, and crawl." *Id.* (emphasis omitted). Finally, Plaintiff "can frequently handle and finger bilaterally." *Id.* (emphasis omitted). Relying on the testimony of a VE, the ALJ concluded Plaintiff can perform her past relevant work (PRW) as a kitchen helper, which "does not require the performance of work-related activities precluded by the [Plaintiff's] [RFC]." Tr. 20. Thus, the ALJ determined at step four that Plaintiff is not disabled. *See id.* In the alternative, the ALJ proceeded to step five and found that "there are other jobs existing in the national economy" that Plaintiff is capable of performing. *Id.* The VE testified that an individual of Plaintiff's age, education, work experience, and RFC would be able to perform the requirements of jobs such as laundry worker, industrial cleaner, and machine tender. Tr. 20–21.

On appeal, Plaintiff raises three points of error: (1) the ALJ's RFC finding conflicts with the ALJ's conclusion that Plaintiff can perform PRW as a kitchen helper; (2) the RFC is not supported by substantial evidence; and (3) the ALJ failed to properly evaluate opinion evidence

4

from Yasir Yaqub, M.D., a consultative examiner (CE). Pl.'s Mem. of Law 1, 3, ECF No. 23 [hereinafter Pl.'s Br.]. The undersigned finds that Plaintiff's first point of error has merit and recommends remand on that basis.[4]

### IV. Discussion

#### A. The parties' positions.

Plaintiff contends that the ALJ's RFC determination is "internally inconsistent with the [SSA's] own regulations; specifically, S.S.R. 85-15." Id. at 8. Plaintiff observes that her RFC limits her to medium work, except that she can only occasionally stoop and crouch and can only frequently handle. Id. at 8–9; see Tr. 16. Under Social Security Ruling (SSR) 85-15, however, a person engaging in medium work "must be able to stoop [and crouch] frequently." SSR 85-15, 1985 WL 56857, at *7 (S.S.A. Jan. 1, 1985). Because Plaintiff is limited to less than a full-range of medium work, she argues she "cannot perform her medium exertional past relevant work as a kitchen helper," which requires frequent stooping and crouching according to the Dictionary of Occupational Title's (DOT) job description. Pl.'s Br. 8–9.

Plaintiff further alleges that based on her RFC, she cannot work as an industrial cleaner, which the VE testified she could perform at step five, as that job likewise requires frequent stooping and crouching. Id. Plaintiff argues that the ALJ also erred at step five by applying the incorrect medical-vocational rules. See id. at 13–15.

In addition, Plaintiff asserts that the ALJ violated the Fifth Circuit's holding in *Kneeland v. Berryhill*, 850 F.3d 749 (5th Cir. 2017) by relying exclusively on the opinions of non-examining

---

[4] Because the undersigned finds Plaintiff's first point of error requires remand, the Court will not specifically examine or address Plaintiff's remaining points in these findings, conclusions, and recommendation. *See Huey v. Colvin*, No. 3:14-CV-2861-P (BH), 2015 WL 5771818, at *9 n.5 (N.D. Tex. Sept. 4, 2015), R. & R. adopted by 2015 WL 5771998 (N.D. Tex. Sept. 30, 2015). However, having reviewed Plaintiff's arguments concerning points two and three, i.e., RFC evidentiary support and the ALJ's evaluation of Dr. Yaqub's opinion, the undersigned finds no error warranting reversal based on these grounds.

5

consultants in formulating Plaintiff's RFC. *Id.* at 9–10. Plaintiff maintains that because "[t]he ALJ based his decision solely on the opinion evidence from non-examining state agency reviewers," the ALJ's RFC determination is not supported by substantial evidence. *Id.* at 11. In her third point of error, Plaintiff contends the ALJ's reason for rejecting Dr. Yaqub's opinions is flawed in that the ALJ found the opinion was "supported by direct examination and objective imaging," but the ALJ nevertheless found it unpersuasive. *Id.* at 12–14. Plaintiff states that at the very least, the ALJ should have recontacted Dr. Yaqub. *Id.* at 13. On these bases, Plaintiff asks the Court to remand the case for a benefits calculation or alternatively, for further proceedings. *Id.* at 15.

Conversely, the Commissioner generally asserts that the ALJ's RFC determination is supported by substantial evidence. Def.'s Br. 3–7, ECF No. 26. The Commissioner contends that "the ALJ considered a wide range of factors" in fashioning Plaintiff's RFC. *Id.* at 5 (listing eight categories). In the Commissioner's view, Plaintiff has not cited any "credible evidence that she has limitations that exceed" those provided for by the RFC. *Id.* at 6. As to Dr. Yaqub's opinion, the Commissioner alleges that the ALJ was not required to recontact Dr. Yaqub "because the available evidence was more than sufficient to allow the ALJ to assess the effects of Plaintiff's impairments." *Id.* at 7. Thus, Plaintiff has not shown the ALJ erred in formulating Plaintiff's RFC. *See id.*

Moreover, the Commissioner maintains the ALJ properly determined that Plaintiff was not disabled at step four. *Id.* According to the Commissioner, "the ALJ articulated hypothetical questions [to the VE] that reasonably incorporated the restrictions that he recognized, and . . . Plaintiff received the opportunity for cross-examination." *Id.* The Commissioner alleges that the VE relied on his experience in opining that the kitchen helper job generally involves frequent

handling and not a lot of stooping and bending. *Id.* at 8 (citing Tr. 48). Citing *Carey v. Apfel*, 230 F.3d 131 (5th Cir. 2000), the Commissioner argues the ALJ could properly rely on the VE's testimony in concluding Plaintiff can perform her PRW. *Id.*

In addition, the Commissioner asserts that any error the ALJ may have made at step five is harmless because the ALJ "had no obligation to proceed" past step four. *Id.* And, regardless, the Commissioner believes the record "does not contain uncontroverted evidence of disability." *Id.* at 9. Thus, to the extent the Court determines the ALJ erred, it should not award benefits but should instead remand for further proceedings. *Id.*

Plaintiff alleges in reply that the holding in *Carey* does not apply here, where the VE's testimony directly conflicts with the DOT description for kitchen helper.[5] Pl.'s Reply 1–2, ECF No. 27. In Plaintiff's view, the ALJ did not identify any direct conflict; therefore, remand is warranted. *Id.* at 3. Further, Plaintiff disputes the Commissioner's contention that the ALJ evaluated Dr. Yaqub's opinion under the proper standard. *Id.* at 3–4. Ultimately, Plaintiff believes that "the ALJ failed to offer substantial evidence why he rejected an opinion the ALJ found well supported by the totality of the evidence." *Id.*

### B. The ALJ committed reversible error at step four when he determined that Plaintiff could perform her past relevant work.

Plaintiff argues that she cannot perform her PRW as a kitchen helper because of her physical limitations. Pl.'s Br. 8–9; Pl.'s Reply 1–3. Plaintiff observes that in the RFC determination, the ALJ limited Plaintiff to jobs where she "occasionally" stoops and crouches and

---

[5] Plaintiff's briefing is woefully deficient. In her opening brief, Plaintiff does not specifically contend that the VE's testimony conflicts with the DOT's description, let alone does she cite to *Carey* and its distinction between tangential and direct conflicts. Pl.'s Br. 8–9. In the Court's view, a discussion of *Carey* and the VE's testimony is critical to resolving the issue. Only after the Commissioner cited and discussed the foregoing authority did Plaintiff pivot, arguing that "the VE testimony cannot be relied upon, and under the 'alleged/tangential' versus 'obvious/direct' standard in *Carey*," the Court must remand Plaintiff's case. Pl.'s Reply 3.

"frequently" handles and fingers bilaterally. Pl.'s Br. 8–9; *see* Tr. 16. Under the DOT description, however, the kitchen helper position requires *frequent* stooping and crouching and *constant* handling. DICOT 318.687-010, 1991 WL 672755 (4th ed. rev. 1991). Based on this description, Plaintiff alleges she cannot perform her PRW. Pl.'s Br. 8–9; Pl.'s Reply 1–3.

At step four, a claimant is not disabled if she can perform her PRW, either as she actually performed it *or* as it is generally performed in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). In evaluating a claimant's ability to perform PRW, the ALJ may rely on testimony from a VE. *Dunn v. Colvin*, No. 4:12–CV–496–Y, 2013 WL 4756377, at *3 (N.D. Tex. Sept. 4, 2013). A VE is familiar with both the "job requirements and working conditions." *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (per curiam). Indeed, a VE's testimony is valuable because he is aware of "the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Id.* (quoting *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986)).

A VE's testimony should generally be consistent with the information contained in the DOT. When there is a conflict between the VE's testimony and the DOT, however, the Fifth Circuit employs a "middle ground" approach, which allows the ALJ to "rely upon the vocational expert's testimony if the record reflects a substantial reason for deviating from the DOT." *Carey*, 230 F.3d at 144–45 ("[T]he DOT job descriptions should not be given a role that is exclusive of more specific [VE] testimony with respect to the effect of an individual claimant's limitations on his or her ability to perform a particular job.").

*1. A conflict exists between the VE's testimony and the DOT description.*

There are two general types of conflicts: direct and implied. *See id.* at 145–46. "A direct conflict may arise when the VE's testimony regarding the exertional or skill level of a particular

job is facially different than that indicated in the DOT, or when the VE's testimony creates a conflict between the ALJ's RFC determination and the description of the jobs in the DOT." *Edmond v. Berryhill*, No. 3:18-CV-0677-BH, 2019 WL 1424612, at *12 (N.D. Tex. Mar. 29, 2019); *see Carey*, 230 F.3d at 145–46. Conversely, indirect conflicts "occur under various unique circumstances when VEs are called to testify as to an individual claimant's capabilities." *Edmond*, 2019 WL 1424612, at *12; *see Carey*, 230 F.3d at 145–46 (noting that "all kinds of implicit conflicts are possible," e.g., "a factual disagreement about whether a person with one arm can perform a job requiring some degree of manual dexterity and fingering").

In this case, a direct conflict exists. DOT code 318.687-010, kitchen helper, is described as requiring *frequent* stooping and crouching, as well as *constant* handling. DICOT 318.687-010, 1991 WL 672755. But the VE testified that a hypothetical individual whose RFC was limited to, *inter alia*, *occasional* stooping and couching and *frequent* handling, could perform Plaintiff's PRW as a kitchen helper. Tr. 48. The DOT's job description therefore directly conflicts with the VE's testimony that the job can be performed by someone with Plaintiff's limitations. *Cf. Eileen D. v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-01302-N (BT), 2019 WL 4648259, at *4 (N.D. Tex. Sept. 6, 2019), *R. & R. adopted by* 2019 WL 4643648 (N.D. Tex. Sept. 24, 2019) (finding "a direct conflict between the DOT and the [Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO)] descriptions of [p]laintiff's past relevant jobs, which require frequent social interaction, and the VE testimony that such jobs can be performed by someone who is limited to only occasional contact with the public or coworkers"); *Edmond*, 2019 WL 1424612, at *13 (determining that "VE's testimony directly conflicted with the DOT because he testified that an individual who is 'not literate' could still perform the job of a warehouse worker" but the DOT "describes reading and writing requirements beyond the abilities of a 'not

9

literate' individual"); *Dunn*, 2013 WL 4756377, at *3 (concluding the VE's testimony that plaintiff could perform PRW when her RFC limited her to frequent fingering directly conflicted with SCO description, "which classifie[d] the position as requiring the ability to perform constant fingering" (emphasis omitted)).

  2. *The ALJ failed to elicit a reasonable explanation for the direct conflict and explain in his written decision how he resolved the conflict.*

  Under SSR 00-4p, ALJs are required to "elicit a reasonable explanation" for "apparent unresolved conflict[s] between VE . . . evidence and the DOT." SSR 00-4p, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000).[6] The ALJ "must resolve this conflict before relying on the VE . . . evidence to support a determination or decision that the individual is or is not disabled." *Id.* at *4. To satisfy SSR 00-4p, the ALJ "must ask about any possible conflict[s]" and determine "if the explanation given by the VE . . . is reasonable and provides a basis for relying on the VE . . . testimony rather than on the DOT information." *Id.* at *2, *4; *see Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016) (stating that an ALJ "has an affirmative responsibility to ask about 'any possible conflict' between VE evidence and the DOT . . . before relying on VE evidence to support a determination of not disabled" (citation omitted)). A reasonable explanation includes "information not listed in the DOT," such as "[i]nformation about a particular job's requirements . . . or from a VE's . . . experience in job placement or career counseling." SSR 00-4p, 2000 WL 1898704, at *2. This is because "[t]he DOT's occupational definitions" come from a "collective

---

[6] After the Fifth Circuit decided *Carey*, the SSA issued SSR 00-4p. The ruling uses different nomenclature than that found in *Carey*, referring instead to "apparent" conflicts. SSR 00-4p, 2000 WL 1898704, at *2; *see Martin v. Saul*, No. 5-19-CV-00573-FB-RBF, 2020 WL 4382133, at *4 (W.D. Tex. July 30, 2020) (discussing the labels attached to various conflicts, including "direct, tangential, apparent, indirect, implied, and obvious," and confusion resulting from their use). Regardless of what distinctions may remain between direct and indirect conflicts, whether procedural or substantive, in cases involving a direct conflict courts must determine whether the ALJ (1) obtained a reasonable explanation for the conflict and (2) sufficiently reflected a resolution in his written decision. *See, e.g., Edmond*, 2019 WL 1424612, at *12 (noting in case with a direct conflict between VE testimony and DOT that SSR 00-4p "establishes the ALJ's affirmative duty to bring to light and explain any 'apparent unresolved conflict' . . . [and] also explain in the decision how any identified conflict was resolved").

description of . . . jobs," and "[e]ach occupation represents numerous jobs." *Id.* Thus, a VE "may be able to provide more specific information about jobs or occupations than the DOT." *Id.* at *3.

In addition to "elicit[ing] a reasonable explanation for the conflict," SSR 00-4p requires the ALJ to "explain in the [written] determination or decision how he or she resolved the conflict." *Id.* at *4. "The [ALJ] must explain the resolution of the conflict irrespective of how the conflict was identified." *Id.*

This Court must therefore determine whether the ALJ (1) satisfied his duty to obtain a reasonable explanation from the VE concerning the conflict, and (2) sufficiently resolved the conflict in his written decision. *See Trahan v. Kijakazi*, No. H-19-4138, 2022 WL 585381, at *4 (S.D. Tex. Feb. 7, 2022) (explaining that because there was a conflict between the VE's testimony and the DOT description, "the ALJ was required to provide a reasonable explanation for the conflict before relying on the VE's testimony to determine that [plaintiff] was not disabled"); *Eileen D.*, 2019 WL 4648259, at *4 ("If the ALJ does not resolve the conflict, the weight of the VE's testimony is lessened such that reversal and remand for lack of substantial evidence usually follows."); *Stark v. Comm'r of Soc. Sec.*, No. 3:14CV150–DAS, 2015 WL 2251821, *4 (N.D. Miss. May 13, 2015) (SSR 00-4p "requires an ALJ to obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs and information provided in the DOT, and to explain in his/her written decision how any identified conflict has been resolved.").

At the hearing in this case, the VE testified as follows:

[ALJ:] Okay. All right. And let me just ask you this so I get a full picture on the record with you. If we were to change the hypothetical to the individual could perform medium work with the same postural, and manipulative limitations that I provided in that first hypothetical, would the hypothetical individual be able to perform the past job of a kitchen helper?

[VE:] Your Honor, I don't think the postural would have a lot of effect because the person is typically standing most of the time. There usually isn't a lot of

stooping and bending, and it's frequent handling and fingering, so that would probably allow for that job, Your Honor.

Tr. 47–48.[7] At the conclusion of the VE's testimony, the ALJ also asked the VE whether his testimony was "consistent with the [DOT.]" Tr. 51. The VE affirmed that his testimony was "consistent over and above what the DOT covers." *Id.*

The foregoing testimony reflects that the ALJ failed to obtain a "reasonable explanation for the conflict," as required by SSR 00-4p. 2000 WL 1898704, at *2. The VE's conflicting testimony that the kitchen helper job does not require "a lot of stooping and bending, and [does require] frequent handling and fingering" (Tr. 48) is merely conclusory and offers no basis for his assertion that the job is less demanding than what the DOT requires—e.g., the VE did not cite an alternative publication or otherwise state he was relying on his personal experience or expertise. *See Bradshaw v. Colvin*, No. 4:14-CV-017-ALM-CAN, 2015 WL 6745945, at *6 (E.D. Tex. Nov. 4, 2015) (remanding in part because the VE "did not explain, in any manner, how he came to th[e] conclusion [that plaintiff could perform prior job], nor did he proffer any reliable publications, information obtained directly from employers, or any personal experience and/or expertise that he was relying on in making this determination"); *Stark*, 2015 WL 2251821, at *4 (concluding VE's unsupported statement that his opinion was "based on [his] observations and experience" did not constitute a "reasonable explanation" under SSR 00-4p). Moreover, the VE qualified his conclusion by saying that Plaintiff's RFC "would *probably*" be compatible with the kitchen helper job, a statement the Court finds further undermines the ALJ's reliance on the VE's testimony. Tr. 48 (emphasis added); *see Bradshaw*, 2015 WL 6745945, at *6.

---

[7] At first, the VE identified the kitchen helper job as a light work position (Tr. 45), but he later clarified that it was a medium work job. Tr. 46–47. In his hypotheticals, the ALJ limited an individual to the same restrictions as ultimately imposed in Plaintiff's RFC: occasional stooping, kneeling, crouching, and crawling, as well as frequent handling and fingering bilaterally. Tr. 46.

In addition, the ALJ did not acknowledge the conflict, much less explain how he resolved it, in his written determination. *See* Tr. 20; SSR 00-4p, 2000 WL 1898704, at *4. The ALJ opined that Plaintiff's PRW "does not require the performance of work-related activities precluded by" Plaintiff's RFC. Tr. 20 (emphasis omitted). The ALJ reasoned that "[i]n comparing the [Plaintiff's] [RFC] with the physical demands of [the past relevant] work," Plaintiff could perform the PRW "as generally performed." *Id.* The ALJ apparently based this conclusion in part on the VE's statement "that [his] testimony conformed to the information contained in the [DOT]" and that "an individual with the [Plaintiff's] RFC would be able to perform [the PRW] as it was generally performed." *Id.*; *see* Tr. 21 ("[T]he undersigned has determined that the [VE']s testimony is consistent with the information contained in the [DOT]. . . . The undersigned adopts the testimony of the [VE]."). But the VE's testimony did not conform with the DOT, and as discussed above, the VE did not provide a reasonable explanation or basis for resolving the conflict.

The Commissioner argues that the ALJ permissibly deferred to the VE's experience in determining that Plaintiff could perform her PRW. Def.'s Br. 8. In his written decision, however, the ALJ merely stated that the VE "relied on training and experience in addressing limitations where the [DOT] *is silent*." Tr. 21 (emphasis added). As discussed above, the DOT is not silent as to the limitations at issue in this case, and in any event, the VE did not state that he was relying on his experience in concluding Plaintiff can perform her PRW. "[T]he Fifth Circuit [has] expressed an unwillingness to defer to a VE without explanation." *Huey*, 2015 WL 5771818, at *8 (citing *Carey*, 230 F.3d at 147). Moreover, the Court cannot make post-hoc rationalizations to support the ALJ's decision, and the record does not contain a basis for accepting the VE's testimony over the DOT description. *See Newton*, 209 F.3d at 455 ("The ALJ's decision must

stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council."); *Trahan*, 2022 WL 585381, at *5 ("A court's post hoc rationale for the ALJ's decision is improper 'because it usurps the agency's function of weighing and balancing the evidence in the first instance.'" (quoting *Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008)).

The Commissioner also contends that at the hearing, Plaintiff had the opportunity to cross-examine the VE; therefore, the ALJ properly relied on the VE's testimony. Def.'s Br. 7. "Under SSR 00–4p, however, the ALJ" bears the burden of developing the record by "explain[ing] in the decision how any identified conflict was resolved." *Huey*, 2015 WL 5771818, at *8 (citing SSR 00-4p, 2000 WL 1898704, at *1–2). Thus, the ALJ's failure to resolve the direct conflict is error, and Plaintiff did not waive the issue by not raising it at the hearing. *Id.*; *see Eileen D.*, 2019 WL 4648259, at *5 (stating that in the case of a direct conflict, "a claimant is not required to raise the issue of any discrepancy at the hearing"); *Edmond*, 2019 WL 1424612, at *14 (reasoning that because the ALJ has a duty to ask about and resolve conflicts regardless of whether the plaintiff is represented by counsel, the plaintiff's failure to cross-examine the VE does not waive the conflict issue at step four); *Dunn*, 2013 WL 4756377, at *5 n.3 ("Because the conflict in this case is the direct type, [plaintiff] did not need to raise the conflict at the hearing or risk waiving it. Instead, the ALJ retained the burden at Step Four of the analysis to fully develop the record."); *Romine v. Barnhart*, 454 F. Supp. 2d 623, 631 (E.D. Tex. 2006) (providing that where a direct conflict exists, *Carey*'s waiver holding does not apply and the ALJ retains the duty to fully develop the record).

Based on these flaws, the undersigned concludes the ALJ's step four determination is not supported by substantial evidence.[8] *See, e.g.*, *Carey*, 230 F.3d at 146 (holding "that the ALJ may

---

[8] The undersigned recognizes that SSRs, while binding on the ALJ, are not binding on this Court. *See* 20 C.F.R. § 402.35(b)(1); *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001) (per curiam). Nevertheless, courts frequently rely "upon the rulings in evaluating ALJs' decisions." *Myers*, 238 F.3d at 620.

rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so"); *Bradshaw*, 2015 WL 6745945, at *6 (explaining substantial evidence did not support the ALJ's step four determination where the ALJ failed to provide any explanation for deviating from the DOT description, thereby violating "SSR 00–4p and . . . the Fifth Circuit's holding in *Carey*"); *Huey*, 2015 WL 5771818, at *8 (finding that the ALJ erred by failing to ask about and resolve any conflicts between the VE's testimony and the DOT); *Osborne v. Colvin*, No. 14–cv–1299–BN, 2015 WL 4755488, at *7 (N.D. Tex. Aug. 12, 2015) ("When a 'direct and obvious' conflict exists between the VE's testimony and the DOT and the ALJ fails to explain or resolve the conflict, the testimony is 'so lessened that reversal and remand for lack of substantial evidence usually follows.'" (quoting *Carey*, 230 F.3d at 146)); *Dunn*, 2013 WL 4756377, at *6–7 (determining that the ALJ's step four decision was not supported by substantial evidence because "the ALJ did not articulate any reason for" accepting VE's testimony that plaintiff could perform her PRW, which required constant fingering under the SCO, but plaintiff was limited to frequent fingering); *see also Stark*, 2015 WL 2251821, at *4 (reversing ALJ's step five decision, where "the ALJ failed to obtain a reasonable explanation for the conflict between the VE's evidence and the information in the DOT during the hearing, and he also failed to explain how the conflict was resolved in his written decision").

    3. *The ALJ's failure to set forth a reasonable explanation for the conflict prejudiced Plaintiff.*

Having found that the ALJ erred by failing to articulate a reasonable basis for relying on the VE's testimony, the Court must determine whether that error requires remand. The undersigned concludes that it does.

"Procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected." *Kneeland*, 850 F.3d at 761 (quoting *Audler*,

501 F.3d at 448). That is, where a party's substantial rights have not been affected, the procedural error is harmless. *See id.*; *Alexander v. Astrue*, 412 F. App'x 719, 722 (5th Cir. 2011) (per curiam). But where the ALJ has committed a procedural error, and such error "would cast into doubt the existence of substantial evidence to support the ALJ's decision," remand is required. *Alexander*, 412 F. App'x at 722 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)); *see Carey*, 230 F.3d at 142 ("To establish prejudice, a claimant must show that she 'could and would have adduced evidence that might have altered the result.'" (citation omitted)).

Here, the fact that the ALJ failed to obtain a reasonable explanation for the conflict, and did not resolve such conflict in his written decision, casts doubt on the ALJ's conclusion that Plaintiff can perform her PRW. *See Huey*, 2015 WL 5771818, at *9 ("[T]he ALJ's failure to adhere to SSR 00–4p prejudiced [p]laintiff because the evidence that would have resulted from compliance with the ruling might have led to a difference decision."). Questions regarding the conflict could have clarified the basis for the VE's opinion as to the physical requirements of Plaintiff's PRW, as well as the VE's conclusion that Plaintiff can perform that work. *See Bradshaw*, 2015 WL 6745945, at *7 (observing that questions concerning "the exertional level conflict could have clarified that [the VE's] testimony was based on his experience with job placement in the . . . industry or was based upon other reliable publications"). "The requirement for establishing prejudice has been satisfied because it is possible that this evidence would have caused the ALJ to make a different determination regarding Plaintiff's ability to perform the job of" kitchen helper. *Id.* The Court therefore concludes that the ALJ's failure to resolve the conflict between the VE's testimony and the DOT prejudiced Plaintiff and her substantial rights were

affected. Accordingly, the undersigned recommends that the district judge reverse the Commissioner's decision and remand the case for further proceedings.[9]

## V. Recommendation

Based on the foregoing, the undersigned recommends that the United States District Judge **REVERSE** the Commissioner's determination at step four and **REMAND** the case for further administrative proceedings.

## VI. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2019); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

---

[9] Plaintiff asks the Court to reverse and award benefits. Pl.'s Br. 15. The Court can remand a case with the instruction to award benefits, but only "where the undisputed evidence clearly establishes that a claimant is entitled to relief." *Koontz v. Comm'r, Soc. Sec. Admin.*, No. 3:08–CV–0399–M (BF), 2009 WL 2448167, at *8 (N.D. Tex. Aug. 10, 2009). Where, as here, the record has not been fully developed and evidence is still in dispute, remand for further proceedings is the appropriate remedy. *Id.* ("This Court's finding that the ALJ's decision was not based on substantial evidence does not necessarily mean that the evidence establishes disability without a doubt."); *see Cockshutt v. Saul*, No. 3:19-CV-0896-BH, 2020 WL 6393000, at *6 (N.D. Tex. Nov. 2, 2020) ("Inconsistencies and unresolved issues in the record . . . preclude an immediate award of benefits."). The undersigned therefore does not recommend an automatic award of benefits. *See Huey*, 2015 WL 5771818, at *9 & n.4 (concluding that where an unresolved conflict existed between the VE's testimony and the DOT description, the appropriate remedy was to remand the case for further proceedings so the ALJ could fully develop the record); *Koontz*, 2009 WL 2448167, at *8 ("Upon hearing that there is a conflict between the VE's testimony and the DOT and upon requiring an explanation, the ALJ may still conclude that Plaintiff is not entitled to relief.").

court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: August 8, 2022.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE